**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-26-00412-001-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Lewis Davis, | |
| Defendant. | |

Criminal defendant Charles Lewis Davis is charged with two counts of making fraudulent and false statements in his 2020 and 2021 tax returns. (Doc. 1 at 2.) The indictment explains Davis owns a social media entity, Forever Investments LLC, that posts videos to various social media sites. (Doc. 1 at 1.) Despite earning substantial income from Forever Investments LLC—$807,142 in 2020 and $390,566 in 2021—the indictment alleges Davis failed to include that income on his tax returns, resulting in a total underpayment of $433,152 over the two tax years. (Doc. 1 at 2.) The indictment specifies on which lines of the tax returns Davis failed to report gross income and alleges he stored the income in his personal and business bank, brokerage, and cryptocurrency accounts. (Doc. 1 at 2.) Each count also alleges Davis filed his false returns under penalty of perjury and did so willfully, having told his tax preparer that "the records he provided were complete" while knowing they were not. (Doc. 1 at 1-3.) Notwithstanding these details, Davis now moves for a bill of particulars. (Doc. 14.) His motion is denied.

Rule 7 requires an indictment to be "a plain, concise, and definite written statement

of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). This statement will pass constitutional muster when it (1) contains the elements of the offense such that a defendant knows the charge against which he must defend, and (2) provides notice specific enough to enable him to plead an acquittal or conviction so as to bar future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). A bill of particulars can further the second function where a defendant argues the indictment falls short, and also prevent surprises at trial. *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979). But a motion for a bill of particulars may be denied where the defendant is merely asking for "all the *evidence*" against him or where the government provides full discovery. *Id.* at 1180-81 (simplified).

The indictment in this case provides Davis with significantly more information than the constitutional floor requires. In certain types of cases, merely including the language of the statute provides a defendant with enough notice of the charges, if coupled with specific information (like the dates of the alleged offense) so as to bar re-prosecution. *See United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013). Here, the indictment included not only the elements of the crime and statutory citations, but precise details alleging how Davis earned the unreported income, its amount, where on the tax returns he should have reported it, where he kept it instead of reporting it, the amount of the resulting underpayment, and why the government believes his conduct was willful. "Common sense dictates" that these details of his specific conduct adequately informed Davis of the charge. *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016). And in the context of a prosecution for failure to file tax returns, the Ninth Circuit has explicitly held an indictment telling the defendant the elements of the crime and the amount of taxable income he earned provides sufficient notice. *United States v. Vroman*, 975 F.2d 669, 671 (9th Cir. 1992). The indictment here goes far beyond that level of detail.

Davis's motion argues a bill of particulars is warranted because the indictment does not specifically enough describe the facts making his conduct willful and does not identify the accounting method that led to the figures it included. (Doc. 14 at 3.) Having informed

- 2 -

Davis of the offense charged and pleaded enough facts for him to avoid re-prosecution, the indictment was not required to include these minute details. *See Mancuso*, 718 F.3d at 790 (a defendant is "not entitled at the time of his indictment to know all of the evidence the government would use to prove the charges against him"). He also argues the large volume of discovery provided to him—3,196 documents, by the government's count (Doc. 17 at 2)—cuts in favor of requiring a bill of particulars. (Doc. 14 at 5.) But full discovery obviates, rather than necessitates, a bill of particulars. *United States v. Grace*, 401 F. Supp. 2d 1103, 1119 (D. Mont. 2005); *Giese*, 597 F.2d at 1180. Many courts have denied bills of particulars in similar circumstances. *See United States v. Nguyen*, No. 15-CR-00203-BLF-1, 2015 WL 6747851, at *2 (N.D. Cal. Nov. 5, 2015) (collecting cases).

The indictment in this case, especially when accompanied by full discovery, tells Davis enough about the charges against him to prepare for trial, avoid surprises, and plead double jeopardy in the event of a new prosecution. Accordingly, his Motion for a Bill of Particulars (Doc. 14) is **DENIED**.

Dated this 24th day of June, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -